United States Bankruptcy Court

Eastern District of Pennsylvania

In re:                                                                                                                    Case No. 25-13426-djb

Kerryann Hanson                                                                                                    Chapter 13
    Debtor

# CERTIFICATE OF NOTICE

| District/off: 0313-2 | User: admin | Page 1 of 2 |
|---|---|---|
| Date Rcvd: Dec 11, 2025 | Form ID: pdf900 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 13, 2025:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + Kerryann Hanson, 5976 Reach Street, Philadelphia, PA 19120-1115 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 13, 2025        Signature:    /s/Gustava Winters

---

## CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 11, 2025 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| ANDREW L. SPIVACK | on behalf of Creditor PHH Asset Services LLC andrew.spivack@brockandscott.com  wbecf@brockandscott.com |
| ANDREW L. SPIVACK | on behalf of Creditor U.S. Bank National Association andrew.spivack@brockandscott.com  wbecf@brockandscott.com |
| DANIEL P. JONES | on behalf of Creditor Loandepot.Com  LLC djones@sterneisenberg.com, bkecf@sterneisenberg.com |
| KENNETH E. WEST | ecfemails@ph13trustee.com philaecf@gmail.com |
| MARIO J. HANYON | on behalf of Creditor PHH Asset Services LLC wbecf@brockandscott.com  mario.hanyon@brockandscott.com |
| MARIO J. HANYON | on behalf of Creditor U.S. Bank National Association wbecf@brockandscott.com  mario.hanyon@brockandscott.com |

| District/off: 0313-2 | User: admin | Page 2 of 2 |
|---|---|---|
| Date Rcvd: Dec 11, 2025 | Form ID: pdf900 | Total Noticed: 1 |

MICHAEL A. CIBIK
    on behalf of Debtor Kerryann Hanson help@cibiklaw.com
    noreply01@cibiklaw.com;noreply02@cibiklaw.com;noreply03@cibiklaw.com;noreply04@cibiklaw.com;noreply05@cibiklaw.com;cibiklawpc@jubileebk.net;cibiklaw@recap.email;ecf@casedriver.com

REBECCA K. MCDOWELL
    on behalf of Creditor KeyBank N.A. rmcdowell@slgcollect.com, pwirth@slgcollect.com;anovoa@slgcollect.com

STEVEN K. EISENBERG
    on behalf of Creditor Loandepot.Com LLC seisenberg@sterneisenberg.com, bkecf@sterneisenberg.com

United States Trustee
    USTPRegion03.PH.ECF@usdoj.gov


TOTAL: 10

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA (Philadelphia)

| | |
|---|---|
| IN RE:<br>KERRYANN HANSON<br>    Debtor | Case No. 25-13426-djb<br><br>Chapter 13 |
| U.S. BANK NATIONAL ASSOCIATION,<br>    Movant | |
| vs.<br>KERRYANN HANSON<br>    Respondent | 11 U.S.C. §362 |

**ORDER**

      **AND NOW**, this ____ day of _____, 2025, it is hereby **ORDERED** that the corresponding Stipulation is hereby approved, shall be, and is hereby made an Order of this Court.

**Date: December 11, 2025**

_____
Derek J Baker
BANKRUPTCY JUDGE

KERRYANN HANSON
5976 REACH STREET
PHILADELPHIA, PA 19120

Michael A Cibik
1500 Walnut Street
Suite 900
Philadelphia, PA 19102

KENNETH E WEST
190 N. Independence Mall West
Suite 701
Philadelphia, PA 19106

Office of United States Trustee
Robert N.C. Nix Federal Building
900 Market Street Suite 320
Philadelphia, PA 19107

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA (Philadelphia)

| | |
|---|---|
| IN RE:<br>KERRYANN HANSON<br>    Debtor | Case No. 25-13426-djb<br><br>Chapter 13 |
| U.S. BANK NATIONAL ASSOCIATION,<br>    Movant | |
| vs.<br>KERRYANN HANSON<br>    Respondent | 11 U.S.C. §362 |

**STIPULATION IN SETTLEMENT OF MOTION FOR RELIEF
FROM THE AUTOMATIC STAY**

It is hereby stipulated by and between Brock & Scott, PLLC, counsel for the Movant, U.S. BANK NATIONAL ASSOCIATION, and Michael A Cibik, Esquire, counsel for the Debtor, as follows:

1. The Automatic Stay as provided by Section 362 of the Bankruptcy Code shall remain in full force and effect conditioned upon the terms and conditions set forth herein.

2. This Stipulation pertains to the property located at 5232 W Girard Ave, Philadelphia, PA 19131-4302, mortgage account ending with "4956".

3. The parties agree that the total post-petition arrearage consists of three (3) monthly payments for the months of September, 2025 through November, 2025 at $886.43 each, legal fees in the amount of $1,350.00, court costs in the amount of $199.00, resulting in the total post-petition arrearage amount of $4,208.29. The amounts listed above may not include any post-petition fees and costs previously filed with the Court pursuant to Rule 3002.1. The Secured Creditor does not waive it's right to collect these amounts.

4. Within ten (10) days from the date that this stipulation is approved by the Court, Debtor agrees to amend the Chapter 13 Plan to include the aforementioned post-petition delinquency in the amount of $4,208.29. The parties agree that the Movant may file a Notice of Post-Petition Fees, Charges and Expenses as a supplement to the filed Proof of Claim for the above-stated amount and that same shall be deemed approved upon entry of the Order approving this Stipulation.

5. The parties agree that the allowed total secured claim of Movant for pre-petition arrearages in the amount of $657.08 and aforementioned post-petition delinquency in the amount of $4,208.29 will be paid, in full, through the Amended Chapter 13 Plan. The total delinquency to be paid to Movant through the Chapter 13 Plan is $4,865.37.

6. Debtor agrees to remain current post-petition from this day forward. Beginning December 1, 2025 in the amount of $886.43, all subsequent monthly payments and any late charges, shall be due in accordance with the terms of the Mortgage. All payments made pursuant to this Stipulation shall be by certified check or money order payable to U.S. Bank National Association, 3751 Airpark Drive, Mail Code CN-KY-APDC, Owensboro, KY 42301.

7. If Debtor provide sufficient proof (front and back copies of checks or money orders) of payments made, but not already credited, the account will be adjusted accordingly.

8. Should the Debtor fail to amend the Chapter 13 Plan within ten (10) days from the date this Stipulation is approved by the Court, or fails to make any of the above captioned payments, or if any regular monthly mortgage payment commencing after the cure of the post-petition delinquency is more than fifteen (15) days late, whichever failure occurs first, the Movant may send Debtor and counsel, if applicable, a written Notice of Default of this Stipulation. If the default is not cured within ten (10) days of the date of the Notice, Movant shall file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay under §362, waiving FED. R. Bankr. P. 3002.1 and waiving Bankruptcy Rule 4001(a)(4) so that the Relief Order is immediately effective and enforceable.

9. In the event the Debtor converts this case to a Chapter 7 during the pendency of this bankruptcy case, the Debtor shall cure all arrears within ten (10) days from the date of conversion in order to bring the loan contractually current. Should the Debtor fail to bring the loan contractually current, Movant shall send Debtor and counsel a written Notice of Default of this Stipulation. If the default is not cured within ten (10) days of the date of the Notice, Movant shall file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay under §362, and waiving Rule 4001(a)(4) so that the Relief Order is immediately effective and enforceable.

10. Debtor's tendering of a check to U.S. BANK NATIONAL ASSOCIATION, which is subsequently returned due to insufficient funds in the account upon which the check is drawn, shall not constitute payment as the term is used in this Stipulation.

11.     The parties stipulate that Movant shall be permitted to communicate with the Debtor and Debtor's Counsel to the extent necessary to comply with applicable non-bankruptcy law.

12.     The parties agree that a facsimile signature shall be considered an original signature.

Dated: November 23, 2025

/s/ *Andrew Spivack*
Andrew Spivack, Esquire
Attorney for Movant

/s/ Michael A. Cibik
Michael A Cibik, Esquire
Attorney for Debtor

No Objection - Without Prejudice to Any
Trustee Rights or Remedies
/s/ LeeAne O. Huggins
KENNETH E WEST, Esquire
Trustee